## THE SENATOR RICE.

(District Court, E. D. New York. February 11, 1925.)

**1. Towage** ⊗⟿15(2).

Libelant, in suit against tug for injury to tow, must prove negligence, and his case is not established by mere fact of sinking of barge while in tug's custody.

**2. Towage** ⊗⟿15(2).

No cause for leaking of barge being shown while in tow before being beached, presumption is she was unseaworthy.

**3. Towage** ⊗⟿11(3).

Any mistake made by master of tug in selecting place to beach leaking barge in tow *held* simply error of judgment, and not a fault.

In Admiralty. Libel by Anthony O'-Boyle against the steam tug Senator Rice; the Cornell Steamboat Company, claimant. Libel dismissed.

Decree affirmed 15 F.(2d) 883.

Beardsley, Hemmens & Taylor, of New York City, for libelant.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City, for claimant.

CAMPBELL, District Judge. The Lake George, a coal barge owned by the libelant, laden with 1,540 tons of coal, her capacity being 1,600 tons, had been brought up from Port Reading on May 19, 1923, to Ninety-Sixth street, East River, where she lay loaded until May 21, 1923. On that day, at 9:20 a. m., the steam tug Senator Rice arrived to tow her to the dock of the Consolidated Gas Company on Lyster creek, in Astoria, Long Island. No one was aboard the boat, but after the tug had waited for about an hour the captain of the Lake George, accompanied by a friend, came aboard. The evidence shows that the captain of the Lake George was under the influence of liquor, and the only inference I can draw from the evidence in the instant case is that the captain of the Lake George continued to indulge in liquor in the cabin of the Lake George, into which he took the friend he had met while ashore. I do not accept the testimony of the captain of the Lake George as true, because I do not believe he had any

clear recollection of what transpired, due to the fact that he was under the influence of liquor, because, if the libelant, as he said he did, fixed the place of the happening of the accident as alleged in the libel, and stated it in his letter to the claimant on the basis of information furnished to him by said captain, then the said captain has located as the place of the accident three different places somewhat removed from each other. Furthermore, if the barge had hit as he said it did, and he immediatelyy sounded the pumps and found 4 feet of water in that short time, it would have been impossible to keep the barge afloat for the time that elapsed before the barge took ground.

The captain of the barge finally fixed the place where he said the barge struck ground as on the edge of the channel beyond the green buoy, but I am convinced that the captain is certainly in error, because I accept as true the testimony of the master of the tug that, after giving some signals and sending his deckhand aboard the barge, he induced the captain of the barge to measure the water in the barge and found that there was 4½ feet, and that this occurred before the black buoy outside of the green buoy was reached.

[1] There is no evidence to sustain the claim of the libelant that the captain of the Senator Rice cut short any buoys, causing the Lake George to bring up and strike upon a well-known reef, and even if the testimony of the captain of the Lake George be accepted as true, it does not seem possible that she could, even if she struck such reef, be pulled, dragged, and forced over the reef, and receive the injuries which appeared on the bottom of the Lake George, when seen by the diver and when drawn out on the dry dock, and the captain on the barge feel only a jolt, and those on the tug with the barge alongside feel nothing. It was the duty of the libelant to prove negligence, and the mere fact that the barge sank while in custody of the tug does not establish libelant's case. The Greenwich (C. C. A.) 270 F. 42.

[2] The master of the tug says that the barge did not strike anything before he discovered the water on her deck, and he is supported by the deckhand and the engineer, both of whom testified that they felt no shock until the Lake George was beached; therefore, no cause for the leaking having been shown while she was in tow of the tug before being beached, the presumption is that the barge was unseaworthy, and the libelant has failed to rebut that presumption. Oregon Round Lumber Co. v. Portland & Asiatic S. S. Co. (D. C.) 162 F. 912; Bartley v. Borough Development Co. (D. C.) 214 F. 296.

[3] No fault is alleged in the libel on the part of the master of the tug in selecting the place to beach the Lake George, when in his opinion that course became necessary, and, if there was any mistake made by him, it was simply an error of judgment, and not a fault; but I do not think he made a mistake, and I agree with him that to have attempted to beach the Lake George on South Brothers Island would have resulted in no benefit to the barge and have subjected his tug to unnecessary danger.

The grooves and breaks on the bottom of the barge, in my opinion, came from beaching the barge, and even libelant's expert testified that the stone that was imbedded in the bottom of the barge would not have come from forward movement.

A decree may be entered, dismissing the libel, with costs.